PER CURIAM.
This dispute between a member of a country club and the club is over the “couple” membership which the club issued to appel-lee and his fiancee, then withdrew based upon the club’s governing documents because the couple was not married. The trial court held that the club could not rescind the “couple” membership.
We believe that the trial court came to the correct conclusion and that its reason — expressed on rehearing — was similarly correct; namely, “classic” estoppel. Accordingly, we affirm.
We are not persuaded by appellant’s position that the case is governed by the club’s governing documents, nor section 725.01, Florida Statutes (1989). Instead, we find the evidence to be clear that appellee verbally asked the club manager if the club would extend couple privileges to his fiancee and himself; and informed the club manager that if such could be accomplished, appellee would then build a home upon the lot he owned in the development where the club was located. The manager presented appellee’s request to the club’s governing body, which verbally *711 granted the request and billed appellee for a couple membership. Appellee built his home at a cost of about $400,000 in reliance upon the board’s action on his request. Appellant rescinded its action in the following year, restricting appellee’s fiancee to the very limited “guest” privileges which a single membership provided.
If the club’s position were to prevail, it could rescind its position — by change of mind or board composition — notwithstanding a substantial change of position by the person dealing with the board and justifiably relying upon the same or the previous board’s action. Justice will not permit such conduct.
HERSEY, GLICKSTEIN and KLEIN, JJ., concur.